UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
2003 JAN 10 P 3: 21
U.S. DISTRICT COURT
DISTRICT OF MASS.

CHAMPION EXPOSITION SERVICES, INC.

    Plaintiff,

v.

HI-TECH ELECTRIC, LLC,

    Defendant.

Refered to MJ Bowler

C.A. No.
03 cv 10078 RCL

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ____
BY DPTY. CLK. TOM
DATE 1-10-03

## NOTICE OF REMOVAL

    Defendant Hi-Tech Electric, LLC ("Hi-Tech") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1441(a), and removes a civil court action commenced in the Massachusetts Superior Court for Plymouth County to the United States District Court for the District of Massachusetts. As grounds for removal, the defendant states as follows.

    1.    On or about December 12, 2002, plaintiff Champion Exposition Services, Inc. ("Champion") filed a Complaint and Jury Demand (the "Complaint") in the above-captioned matter in the Massachusetts Superior Court for Plymouth County. A certified copy of the Complaint is attached hereto as Exhibit A. The Plymouth County action is captioned: *Champion Exposition Services, Inc. v. Hi-Tech Electric, LLC*, C.A. No. 02-1502A.

    2.    On or about December 17, 2002, plaintiff served a copy of the Complaint in the Plymouth action upon the defendant. A copy of the Notice of Service of Process is attached hereto as Exhibit B.

    3.    This notice of removal is filed within 30 days of that service and, therefore, is timely under 28 U.S.C. § 1446(b).

4.Plaintiff is a Massachusetts corporation. *See* Complaint, ¶ 2.

5.Hi-Tech is not a citizen of Massachusetts. *See* Complaint, ¶ 3.

6.This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and removal to this Court is proper under 28 U.S.C. § 1441(a) as the controversy is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* Complaint, ¶¶ 2, 3, 7, 10, 15, 19, 23.

7.Attached as Exhibit C is a certified copy of the Civil Action Cover Sheet that plaintiff filed in the Superior Court. Upon information and belief, the pleadings attached hereto as Exhibits A, B, and C are the only pleadings on file in the Superior Court.

8.On this date, Hi-Tech served a written Notice of Removal on the plaintiff and will file same with the Massachusetts Superior Court for Plymouth County.

**WHEREFORE**, the Massachusetts Superior Court action must be dismissed and removed to this Court.

Respectfully submitted,
HI-TECH ELECTRIC, LLC
By its attorneys,

_/s/ Jane Biondi_
Michael J. Connolly (BBO No. 638611)
Jane Biondi (BBO No. 644429)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
(617) 345-9000

Dated: January 10, 2003

423332v1

2

## Certificate of Service

I, Jane Biondi, hereby certify that on this 10th day of January 2003, a copy of the foregoing document was served by hand upon: Gary R. Greenberg, Esq., Greenberg & Traurig LLP, 1 International Place, 3rd Floor, Boston, MA  02110.

_____
Jane Biondi

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS　　　　　　　　　　　　　SUPERIOR COURT DEPARTMENT
　　　　　　　　　　　　　　　　　　　　OF THE TRIAL COURT
　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 02-

---

CHAMPION EXPOSITION SERVICES, Inc.
　　Plaintiff,

v.

HI-TECH ELECTRIC, LLC,
　　Defendant.

---

## COMPLAINT AND JURY DEMAND

### NATURE OF ACTION

1. By this action, the plaintiff Champion Exposition Services, Inc. ("Champion") seeks to recover from the defendant Hi-Tech Electric, LLC ("Hi-Tech Electric") for unpaid commissions and other monies due by Hi-Tech Electric to Champion. Further, Champion seeks an accounting from Hi-Tech Electric as to Hi-Tech Electric's calculations of commissions for those trade shows for which commissions have been paid, and an Order that Hi-Tech Electric pay to Champion all such commissions which are due and owing. In addition, Champion seeks an Order directing that Hi-Tech Electric return to Champion certain equipment and proprietary software which is owned by Champion; and to require Hi-Tech Electric to comply with its contractual obligations to perform electric services at the highest standards for exhibitors at certain trade shows for which Hi-Tech Electric is contractually obligated to do so.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Champion is a corporation organized under the laws of the Commonwealth of Massachusetts, with a principal office at 139 Campanelli Drive, Middleborough, Plymouth County, Massachusetts.

3. Defendant Hi-Tech Electric is a Nevada limited liability company with a place of business at 2613 Barrington Avenue, Building C, Hayward, California 94545.

4. Jurisdiction exists over the defendant Hi-Tech Electric under Massachusetts General Laws, c.223A, in that plaintiffs' causes of action arises from the defendant's or their agent's, inter alia: (a) transaction of business in Massachusetts; (b) contracting to supply services or things in Massachusetts; or (c) causing tortious injury by an act or omission in Massachusetts.

## FACTUAL ALLEGATIONS

5. Champion is in the business of providing general contracting services to exhibitors at trade shows, exhibitions, conferences, and forums. The exhibitors at these trade shows require various general contracting services including, material handling, rigging, sign hanging, labor, furnishings, signage, cleaning, transportation service, electrical, and various other production services.

6. Hi-Tech Electric is in the business of providing electrical services to exhibitors at trade shows.

7. Champion and Hi-Tech Electric entered into an agreement whereby Champion and Hi-Tech Electric agreed that (a) Champion would require exhibitors at trade shows, exhibitions, conferences, and forums at which Champion provided general contracting services to use Hi-Tech Electric for their electrical services; (b) Hi-Tech Electric would perform electrical services at the highest standard for exhibitors at those trade shows for which Champion designated Hi-Tech Electric as the exclusive electrical provider; and (c) Hi-Tech Electric agreed to pay Champion commissions based upon the electrical services provided by Hi-Tech Electric to the exhibitors at these trade shows. In addition, Champion agreed that Hi-Tech Electric could

2

utilize certain equipment ("Equipment") which was owned by Champion and which has a value of approximately $140,000, provided, however, that Hi-Tech Electric would return the Equipment immediately upon Champion's request.

8. Furthermore, Champion agreed that Hi-Tech Electric could utilize certain Champion proprietary software for accounting and billing purposes ("Champion's Software"), provided, however, that Hi-Tech Electric paid to Champion a monthly licensing fee and that Hi-Tech Electric complied with its other obligations to Champion.

9. Pursuant to the Agreement between Hi-Tech Electric and Champion, Hi-Tech Electric has agreed to provide electrical services at the highest electrical services for certain trade shows which are to occur in January and February 2003 and for which Champion is the general contracting service provider.

10. Despite its contractual obligations and demands, Hi-Tech Electric has failed and refused to pay Champion commissions which are due and owing by Hi-Tech Electric to Champion in an amount in excess of $150,000, failed to pay the monthly licensing fee, and failed and refused to return to Champion the Equipment, and the Champion Software. In addition, upon information and belief, Hi-Tech Electric has underpaid Champion with respect to commissions due and owing on certain trade shows for which Hi-Tech Electric has paid certain commissions. Hi-Tech Electric has failed and refused to provide Champion with a true and accurate accounting as to Hi-Tech Electric's calculations as to the amounts of commissions due and owing.

11. Further, despite its contractual obligation to perform electrical services at the highest professional standards, Champion has received numerous complaints from facility managers, exhibitors, and Champion employees regarding Hi-Tech Electric's inadequate

3

performance and lack of professionalism. Despite demands by Champion that Hi-Tech Electric provide Champion with adequate assurances that it will comply with its obligation to provide electrical services at the highest professional standards for the trade shows scheduled to occur in January and February 2003, Hi-Tech Electric has failed to provide such assurance.

## COUNT I
### Breach of Contract

12. Champion repeats and realleges the allegations contained in paragraphs 1-11.

13. By virtue of the foregoing, Hi-Tech Electric has materially breached its obligations to Champion

14. In addition, Champion is entitled to an accounting from Hi-Tech Electric as to a calculation of commissions for those trade shows for which commissions have been paid, together with an Order that Hi-Tech Electric pay to Champion all such commissions which are due and owing.

15. As a direct and proximate result of Hi-Tech Electric's breaches of contract, Champion has been damaged in an amount to be determined by the Court.

## COUNT II
### Breach of Covenant of Good Faith and Fair Dealing

16. Champion repeats and realleges the allegations contained in paragraphs 1-15.

17. Hi-Tech Electric owed Champion the duty act in good faith and deal fairly.

18. By virtue of the foregoing, Hi-Tech Electric materially breached its obligations of good faith and fair dealing.

19. As a direct and proximate result of Hi-Tech Electric material breaches of its obligations of good faith and fair dealing, Champion has suffered damages in an amount to be determined by the Court.

## COUNT III
### Unfair or Deceptive Acts and Practices

20. Champion repeats and realleges the allegations contained in paragraphs 1 - 19.

21. Champion and Hi-Tech Electric are both engaged in trade or commerce within the meaning of M.G.L. c.93A, Sections 2 - 11.

22. The conduct of Hi-Tech Electric constitutes one or more unfair act and/or deceptive practice declared unlawful by M.G.L. c.93A, Section 2, and the regulations promulgated thereunder, as a result of which Champion has been caused to suffer monetary damages. Champion is, therefore, entitled to recover of Hi-Tech Electric its actual damages, together with interest, costs, and attorneys' fees.

23. The conduct of Hi-Tech Electric as hereinabove set forth constitutes a willful and/or knowing violation of M.G.L. c.93A, Section 2, and the regulations promulgated thereunder, as a result of which Champion has been caused to suffer a loss of monies. Champion is, therefore, entitled to recover of Hi-Tech Electric up to three, but not less than two, times the amount of its actual damages, together with interest, costs and attorneys' fees.

## COUNT IV
### Injunctive Relief

24. Champion repeats and realleges the allegations contained in paragraphs 1 through 23.

25. Hi-Tech Electric is in wrongful possession of the Champion Software and the Equipment.

26. Despite Champion's demand, Hi-Tech Electric has failed and refused to return the Champion Software and the Equipment.

27.     Despite demands by Champion that Hi-Tech Electric provide Champion with adequate assurances that it will comply with its obligation to provide electrical services at the highest professional standards for the trade shows scheduled to occur in January and February 2003, Hi-Tech Electric has failed to provide such assurance.

28.     Champion has no plain and adequate remedy at law.

29.     By virtue of the foregoing, Champion is entitled to an Order from this Court directing that Hi-Tech Electric return to the Champion Software and the Equipment; and directing that Hi-Tech Electric provide electrical services at the highest professional standards for the trade shows scheduled to occur in January and February 2003, Hi-Tech Electric

WHEREFORE, the plaintiff Champion request that the court enter judgment as follows:

1.     With respect to Count I, that the Court enter judgment for the plaintiff and Order the defendant Hi-Tech Electric to pay to Champion its damages in an amount to be determined by the Court, together with interest, costs, and attorneys fees. In addition, this Court should Order that Hi-Tech Electric provide Champion with an accounting for those trade shows for which certain commissions have been paid and Order that Hi-Tech pay to Champion all commissions which are due and owing.

2.     With respect to Count II, that the Court enter judgment for the plaintiff and Order the defendant Hi-Tech Electric to pay to Champion its damages in an amount to be determined by the Court, together with interest, costs, and attorneys fees.

3.     With respect to Count III, that the Court enter judgment for the plaintiffs and Order the defendant Hi-Tech to pay to Champion its damages in an amount to be determined by the Court, trebled, together with interest, costs, and attorneys fees.

4.     With respect to Count IV that the Court issue an Order: directing the defendant

Hi-Tech Electric to return to Champion the Champion Software and Equipment, and to service at the highest professional standards the trade shows scheduled to occur in January and February 2003.

5. That the Court issue such and other further relief as it deems meet and just.

**CHAMPION DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

                CHAMPION EXPOSITION SERVICES,
                INC., Plaintiff,
                By its attorneys:

                Gary R. Greenberg, BBO #209420
                Annapoorni R. Sankaran, BBO #631065
                GREENBERG TRAURIG LLP
                One International Place, 3rd Floor
                Boston, MA 02110
                (617) 310-6000
                (617) 310-6001 (fax)

Dated: 12/10/02

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. 02-1502A

......Champion Exposition Services, Inc...., Plaintiff(s)

vs.

......Hi-Tech Electric, LLC......................., Defendant(s)

### SUMMONS

To the above-named defendant : Hi-Tech Electric, LLC

You are hereby summoned and required to serve upon Anna Sankaren plaintiff attorney, whose address is Greenberg Traurig, LLP, One International Place, Boston, MA 02110............................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio Esquire, at Brockton, the ................................ day of .................. , in the year of our Lord one thousand nine hundred and........................

*Francis R. Powers*

CLERK.

**NOTES**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiffs attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................................, 19 ... , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5): ...

Dated: , 19

**N.B. TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 19

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

Form 1

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Plymouth |
|---|---|---|

PLAINTIFF(S) Champion Exposition Services, Inc.

DEFENDANT(S) Hi-Tech Electric, LLC

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 617-310-6000
Gary R. Greenberg, BBO#209420
Annapoorni R. Sankaran, BBO#631065
Greenberg Traurig, LLP, One International Pl.,
Board of Bar Overseers number: Boston, MA 02110

ATTORNEY (if known)

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A09 | Commissions Owed | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $..........
2. Total Doctor expenses ................................................. $..........
3. Total chiropractic expenses ........................................... $..........
4. Total physical therapy expenses ...................................... $..........
5. Total other expenses (describe) ...................................... $..........

Subtotal $..........

B. Documented lost wages and compensation to date ........................ $..........
C. Documented property damages to date .................................. $..........
D. Reasonably anticipated future medical and hospital expenses ........... $..........
E. Reasonably anticipated lost wages .................................... $..........
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$..........
TOTAL $..........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

*Please see attached sheet for description.

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 12/12/02

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

By this action, the plaintiff Champion Exposition Services, Inc. ("Champion") seeks to recover from the defendant Hi-Tech Electric, LLC ("Hi-Tech Electric") for unpaid commissions and other monies due by Hi-Tech Electric to Champion  Further, Champion seeks an accounting from Hi-Tech Electric as to Hi-Tech Electric's calculations of commissions for those trade shows for which commissions have been paid, and an Order that Hi-Tech Electric pay to Champion all such commissions which are due and owing. In addition, Champion seeks an Order directing that Hi-Tech Electric return to Champion certain equipment and proprietary software which is owned by Champion; and to require Hi-Tech Electric to comply with its contractual obligations to perform electric services at the highest standards for exhibitors at certain trade shows for which Hi-Tech Electric is contractually obligated to do so.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings of other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Champion Exposition Services, Inc.

## DEFENDANTS
Hi-Tech Electric, LLC

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Plymouth, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Foreign
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary R. Greenberg, Esq.
Greenberg & Traurig LLP
1 International Place, 3rd Floor
Boston, MA  02110    (617) 310-6000

ATTORNEYS (IF KNOWN)
Michael J. Connolly, Esq.
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109    (617) 345-9000

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patents | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentences | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statute |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This Court has diversity jurisdiction under 28 U.S.C. § 1332 and removal is appropriate under 28 U.S.C. § 1441(a).

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE
DOCKET NUMBER

DATE  1/10/2003

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **Champion Exposition Services, Inc. v. Hi-Tech Electric, LLC**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    _____  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _____  II.  195, 368, 400, 440, 441, 444 540, 550, 555, 625, 710,720,730    *Also complete AO 120 of AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892, 894, 895, 950.    for patent, trademark or copyright cases

    __x__  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371
               380, 385, 450, 891.

    _____  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861, 865, 870, 871, 875, 900.

    _____  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                    YES        **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403
                                                                    YES        **NO**

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                    YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                    YES        **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? -- (SEE LOCAL RULE 40.1(D)).
                                                                    **YES**        NO

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       **EASTERN DIVISION**        CENTRAL DIVISION        WESTERN DIVISION

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Michael J. Connolly, Esq.**
ADDRESS   **Hinckley, Allen & Snyder, 28 State Street, Boston, MA  02109**
TELEPHONE NO.   **617-345-9000**

(Cover sheet local.wpd – 11/27/00)