UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHAMPION EXPOSITION SERVICES, INC.<br>    Plaintiff,<br><br>v.<br><br>HI-TECH ELECTRIC, LLC,<br>    Defendant. | DOCKET NO. 03-CV-10078-RCL |

### CHAMPION EXPOSITION SERVICES, INC.'S REPLY TO COUNTERCLAIM

The plaintiff, Champion Exposition Services, Inc. ("Champion") hereby responds to the allegations set forth in each paragraph of the Counterclaim of the defendant, Hi-Tech Electric, LLC ("High-Tech"):

1. Champion is without sufficient information to admit or deny the allegations set forth in paragraph 1 of the Counterclaim.

2. Admitted.

3. Champion admits that it is in the business of providing general contracting services to exhibitors at trade shows, exhibitions, conferences, and forums.

4. Champion admits that Epstein is its president and CEO of Champion. Champion denies the remaining allegations contained in Paragraph 4 of the Counterclaim.

shows for which Champion would be the general service contractor. Champion denies the remaining allegations contained in Paragraph 5.

6. Champion admits that it relied upon Simon's representations that he was experienced in the trade show industry. Champion denies the remaining allegations contained in Paragraph 6 of the Counterclaim.

7. Champion admits that it entered into the Agreement which is referenced in the allegations of its Complaint in this action. Champion states that the terms of the Agreement speak for themselves and, therefore, no further response is required.

8. Champion states that Champion states that the terms of the Agreement and Articles of Organization speak for themselves and, therefore, no response is required.

9. Champion states that Champion states that the terms of the Agreement speak for themselves and, therefore, no response is required.

10. Champion admits that during calendar years 2000-2002, Hi-Tech performed electrical services at various trade shows for which Champion was the general service contractor.

11. Champion denies the allegations contained in Paragraph 11 of the Counterclaim.

12. Champion denies the allegations contained in Paragraph 12 of the Counterclaim.

13. Champion denies the allegations contained in Paragraph 13 of the

15. Champion denies the allegations contained in Paragraph 15 of the Counterclaim.

16. Champion admits that it agreed that Hi-Tech Electric could utilize certain Champion proprietary software for accounting and billing purposes, provided that Hi-Tech paid to Champion a monthly licensing fee and that Hi-Tech complied with its other obligations to Champion. Champion denies the remaining allegations contained in Paragraph 16 of the Counterclaim.

17. Champion denies the allegations contained in Paragraph 17 of the Counterclaim.

18. Champion denies the allegations contained in Paragraph 18 of the Counterclaim.

19. Champion denies the allegations contained in Paragraph 19 of the Counterclaim.

## COUNT I
### (Breach of Contract)

20. Champion restates and incorporates by reference herein its responses to Paragraphs 1-19 of the Counterclaim above.

21. The allegations in Paragraph 21 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

22. The allegations in Para

23. The allegations in Paragraph 23 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

24. Champion restates and incorporates by reference herein its responses to Paragraphs 1-23 of the Counterclaim above.

25. The allegations in Paragraph 25 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

26. The allegations in Paragraph 26 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

27. The allegations in Paragraph 27 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

28. The allegations in Paragraph 28 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

## COUNT III
### (Promissory Estoppel)

30. The allegations in Paragraph 30 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

31. The allegations in Paragraph 31 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

32. Champion denies the allegations contained in Paragraph 32 of the Counterclaim.

33. The allegations in Paragraph 33 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

## COUNT IV
### (Violations of G.L. c. 93A)

34. Champion restates and incorporates by reference herein its responses to Paragraphs 1-33 of the Counterclaim above.

35. The allegations in Paragraph 35 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

36. The allegations in Paragraph 36 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those all...

## COUNT V
### (Intentional Interference with Contractual Relations)

38. Champion restates and incorporates by reference herein its responses to Paragraphs 1-37 of the Counterclaim above.

39. The allegations in Paragraph 39 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

40. The allegations in Paragraph 40 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

41. The allegations in Paragraph 41 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

42. The allegations in Paragraph 42 of the Counterclaim contain one or more conclusions of law as to which no response is required. To the extent that a response is required, Champion denies those allegations.

## AFFIRMATIVE DEFENSES

Having denied each and every allegation of the Counterclaim not specifically admitted, Champion raises the following affirmative defenses.

### First Affirmative Defense

The Counterclaim fails to set f...

### Third Affirmative Defense

Hi-Tech's claims for relief are barred by the doctrine of unclean hands.

### Fourth Affirmative Defense

Hi-Tech's claims for relief are barred by the doctrine of waiver.

### Fifth Affirmative Defense

Hi-Tech has failed to mitigate its damages, if any.

### Sixth Affirmative Defense

Hi-Tech did not reasonably rely on any alleged acts or omissions.

### Seventh Affirmative Defense

Hi-Tech is not entitled to relief because it breached the very contract which is the subject of its Counterclaim.

WHEREFORE, Champion demands that all counts of the Counterclaim against it be dismissed with prejudice, that it be awarded its reasonable costs and attorneys' fees from this action, together with whatever further relief this Court deems just and equitable.

**CHAMPION DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

CHAMPION EXPOSITION
SERVICES, INC.,
By its attorneys,

Gary R. Greenberg BBO No. 209420
Louis J. Scerra, Jr. BBO No. 543600

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail by hand on 11/3/03

JONATHAN D. COHEN